**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FEDERAL TRADE COMMISSION**
**600 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20580,**

***Plaintiff,***

**v.**

**ALIMENTATION COUCHE-TARD INC.**
**4204 Industriel Blvd.**
**Laval, Quebec H7L 0E3, Canada,**

**and**

**CROSSAMERICA PARTNERS LP**
**600 Hamilton Street, Suite 500**
**Allentown, Pennsylvania 18101,**

***Defendants*.**

Civil Action No.

**COMPLAINT FOR CIVIL PENALTIES PURSUANT TO SECTION 5(*l*) OF THE FEDERAL TRADE COMMISSION ACT**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), by its undersigned attorneys, alleges that:

1. Plaintiff brings this action under Sections 5(*l*) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(*l*) and 56(a)(1), as amended, against Defendant Alimentation Couche-Tard Inc. ("Couche-Tard") and Defendant CrossAmerica Partners LP ("CAPL"), to obtain civil penalties for Defendants' violations of a Decision and Order ("Order") and an Order to Maintain Assets ("OMA") issued by the Commission.

2. Defendant Couche-Tard is a multinational operator of retail fuel (*i.e.*, gasoline and diesel) outlets with associated convenience stores doing business under the Circle K brand, among others. At all times relevant to this complaint, Defendant Couche-Tard indirectly owned

all the membership interests in the general partner of Defendant CAPL, which owns retail fuel outlets with associated convenience stores under the Freedom Valu brand, among others.

3. The Commission's Order, issued on February 15, 2018, expressly required Defendants to (i) divest ten retail fuel and convenience store properties in Minnesota and Wisconsin (collectively, the "Retail Fuel Assets") no later than 120 days from the date the Order was issued (*i.e.*, by June 15, 2018), and (ii) file written reports setting forth in detail the manner of their compliance with the Order. Defendants failed to complete any of the required divestitures by the Order's deadline, and were in continuous violation of this requirement for more than three months after the deadline. Defendants also failed to provide complete and detailed information about their efforts to divest the Retail Fuel Assets in their compliance reports.

4. The Commission's OMA, issued on December 15, 2017, required Defendants to maintain the operations at each of the retail fuel and convenience store properties to be divested until the divestitures occurred. Defendants failed to maintain the operations of one of the divestiture properties located in Hibbing, Minnesota ("Hibbing location"), with the result that the Hibbing location had ceased to operate several weeks prior to the time of its divestiture. Defendants also failed to provide complete and detailed information about their efforts to maintain the operations of the Hibbing location in their compliance reports, and to notify the Commission that the Hibbing location had ceased operations prior to divestiture or in any report to the Commission up until June 19, 2019.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 (a), 1345, and 1355, and 15 U.S.C. § 45(*l*), 56(a)(1).

6. Venue is properly based in this District by virtue of Defendants' consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

**DEFENDANTS**

7. Defendant Alimentation Couche-Tard Inc. is a corporation organized, existing, and doing business under, and by virtue of, the laws of Canada, with its office and principal place of business located at 4204 Industriel Blvd., Laval, Quebec H7L 0E3, Canada. At all times relevant to this Complaint, Defendant Couche-Tard has participated in the acts and practices described in this Complaint. Circle K Stores, Inc. ("Circle K") is a wholly owned subsidiary of Defendant Couche-Tard.

8. Defendant CrossAmerica Partners LP is a limited partnership organized, existing, and doing business under, and by virtue of, the laws of the State of Delaware, with its office and principal place of business located at 600 Hamilton Street, Suite 500, Allentown, Pennsylvania 18101. At all times relevant to this complaint, Circle K indirectly owned all of the membership interests in CrossAmerica GP LLC, CAPL's general partner. At all times relevant to this Complaint, Defendant CAPL has participated in the acts and practices described in this Complaint.

**COMMERCE**

9. At all times relevant to this Complaint, Defendants, and the corporate entities under Defendants' control, have been engaged in commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**LEGAL AUTHORITY**

10. Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), as modified by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 85 FR 2014 (Jan. 14, 2020), authorizes the Court to award civil penalties of up to $43,280 for each violation, or each day of a continuing violation, of a consent order entered by the Commission.

**PRIOR COMMISSION PROCEEDING**

11. On December 15, 2017, following an investigation by FTC staff, the Commission issued an administrative complaint in a proceeding bearing Docket No. C-4635 ("FTC Complaint") charging that Defendants' proposed acquisition of certain equity interests of subsidiaries of Holiday Companies ("Holiday"), including Holiday's retail fuel outlets, would violate Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and Section 5 of the FTC Act, as amended, 15 U.S.C. § 45.

12. The FTC Complaint alleged that the effect of the proposed acquisition of Holiday by Defendants may be substantially to lessen competition or to tend to create a monopoly in the retail sale of gasoline and the retail sale of diesel in ten local markets, including a local market located within each of the following cities in Minnesota: Aitkin, Hibbing, Minnetonka, Mora, and St. Peter; two local markets located within St. Paul, Minnesota; and a local market located within each of the following cities in Wisconsin: Hayward, Siren, and Spooner.

13. Prior to issuing the FTC Complaint, Defendants and the Commission agreed to settle the matter. Accordingly, the Commission simultaneously issued the FTC Complaint and accepted a settlement of the charges pursuant to an Agreement Containing Consent Orders

("Consent Agreement"), which Defendants executed on November 29, 2017.  The Consent Agreement included two proposed orders that the Commission subsequently issued as the Order and the OMA.  The Order provided for the divestiture of assets and other relief and the OMA required Defendants to maintain the assets in the same operational state in which they existed at the time Defendants executed the Consent Agreement pending divestiture.

14.     The Commission issued the OMA on December 15, 2017, the same date it accepted the Consent Agreement and placed it on the public record for receipt of comments.  The Commission issued the Order on February 15, 2018, and both the Order and the OMA were served upon Defendants and became final on February 26, 2018.  The Order and the OMA have not at any time been modified or set aside and have been in full force and effect since February 26, 2018.  A copy of the Order and the OMA are attached hereto as Exhibit A.  As stated in Paragraph II.E. of the Order, the purpose of the divestiture was to ensure the continued use of the assets in the same businesses in which such assets were engaged at the time of the announcement of the acquisition and to remedy the lessening of competition resulting from the acquisition as alleged in the FTC Complaint.  As stated in Paragraph II.E. of the OMA, the purpose of the OMA was to, among other things, maintain and preserve the assets as viable, marketable, competitive, and ongoing businesses until the divestiture required by the Order was achieved; prevent interim harm to competition pending the divestiture; and remedy the lessening of competition resulting from the acquisition as alleged in the FTC Complaint.

**Divestiture Requirements**

15.     Paragraph II.A. of the Order required, in part, that within 120 days after the Commission issued the Order, Defendants must divest at no minimum price, to an Acquirer or Acquirers that received the prior approval of the Commission, the Retail Fuel Assets at ten

locations identified on Appendix A of the Order. Thus, pursuant to the Order, the deadline for divesting the Retail Fuel Assets was June 15, 2018.

16. Appendix A of the Order identified the following Retail Fuel Assets locations for divestiture (Defendants' identification numbers for the stores at each location are also provided):

a. Freedom Valu, 13 2nd Street NW, Aitkin, Minnesota 56431, Store # CAPL MN0012 ("Aitkin");

b. Freedom Valu, 1135 E. 37th Street, Hibbing, Minnesota 55746, Store # CAPL MN0024 ("Hibbing");

c. Freedom Valu, 17516 Highway 7, Minnetonka, Minnesota 55345, Store # CAPL MN0022 ("Minnetonka");

d. Freedom Valu, 900 Highway 65 S, Mora, Minnesota 55051, Store # CAPL MN0037 ("Mora");

e. Holiday, 123 Saint Julien Street, St. Peter, Minnesota 56082, Store # Holiday 251 ("St. Peter");

f. Super America, 10155 Geneva Avenue N, St. Paul, Minnesota 55128, Store # CAPL MN0016 ("St. Paul-Oakdale");

g. Freedom Valu, 2490 County Road FE, St. Paul, Minnesota 55110, Store # MN0021 ("St. Paul-County Road");

h. Holiday, 15771 Highway 63, Hayward, Wisconsin 54843, Store # CAPL WI0050 ("Hayward");

i. Holiday, 24184 WI State Route 35, Siren, Wisconsin 54872, Store # CAPL WI0061 ("Siren"); and

j. Holiday, 730 S. River Street, Spooner, Wisconsin 54801, Store # CAPL WI0077 ("Spooner").

**Asset Maintenance Requirements**

17. The OMA required Defendants to maintain the viability, marketability, competitiveness, and operations of each of the Retail Fuel Assets from the date Defendants executed the Consent Agreement (*i.e.*, November 29, 2017) until the date on which they closed on a transaction to divest the Retail Fuel Assets (OMA Paragraph II.).

18. Paragraph II.A. of the Order required, in part, that Defendants divest the Retail Fuel Assets as an on-going business, and Paragraph II.A. of the OMA required, in part, that Defendants maintain the viability, marketability, and competitiveness of the Retail Fuel Assets through the date Defendants completed the divestiture of the outlets.

19. Paragraph II.B. of the OMA required Defendants to use best efforts to preserve the existing relationships with persons having business relations with the Retail Fuel Assets.

20. Paragraph II.D. of the OMA required Defendants to maintain the business operations of each of the Retail Fuel Assets, and take such actions as may be necessary to comply with this obligation, including, among other things, maintaining customary hours of operation, and providing such resources as may be necessary to respond to competition and to prevent any diminution of sales at each of the Retail Fuel Assets.

**Reporting Requirements**

21. Paragraph IX.A. of the Order required, in part, that within 30 days after the Order was issued and every 30 days thereafter until Defendants complied with Paragraph II. of the Order, Defendants must submit to the Commission a verified report setting forth in detail the manner and form of their compliance with the Order.

22. Paragraph IX.B. of the Order required, in part, that Defendants include information in their compliance reports about the status of the divestiture and transfer of any of the Retail Fuel Assets, and a description of all substantive contacts with a proposed acquirer.

23. Paragraph V. of the OMA required that, within 30 days after the OMA was issued and every 30 days thereafter as specified, Defendants submit to the Commission verified written reports setting forth in detail the manner and form in which they intended to comply, were complying, and had complied with all provisions of the OMA, and must include in their reports a full description of the efforts being made to comply with the OMA.

**DEFENDANTS' CONDUCT**

**Divestitures**

24. Paragraph II.A. of the Order required Defendants to divest the ten Retail Fuel Assets no later than 120 days from the date the Order was issued, *i.e.*, by June 15, 2018.

25. Defendants did not divest the ten Retail Fuel Assets by June 15, 2018.

26. Under Paragraph II.A. of the Order, any divestiture of the Retail Fuel Assets was subject to the prior approval of the Commission. Under the Commission's Rules of Practice and Procedure, all applications for approval of divestitures will be placed on the public record for public comment for 30 days before the Commission will act on the application. *See* Rule 2.41(f) of the FTC's Rules of Practice and Procedure, 16 C.F.R. § 2.41(f) ("Rule 2.41(f)").

27. Defendants ultimately filed three separate petitions for Commission approval to divest three discrete packages of the Retail Fuel Assets to different acquirers pursuant to the requirements of Rule 2.41(f).

28. On May 15, 2018, Defendants filed a petition for approval to divest the Retail Fuel Assets at the St. Paul-Oakdale, Minnetonka, and St. Peter locations in Minnesota to

Northern Tier Retail LLC, a wholly owned subsidiary of Andeavor Corporation ("Andeavor"). Pursuant to Rule 2.41(f), the petition was placed on the public record for public comments for 30 days, until June 26, 2018.  FTC staff notified Defendants that the proposed divestiture of the Retail Fuel Assets at the St. Paul-Oakdale location raised concerns because Andeavor also operated a retail fuel outlet in that geographic market.  Defendants removed the St. Paul-Oakdale location from the proposed divestiture, and the Commission granted its approval for Defendants to divest the Retail Fuel Assets at the Minnetonka and St. Peter locations to Andeavor on August 16, 2018.  Defendants completed the divestiture of these assets to Andeavor on September 17, 2018.

29.     On June 6, 2018, Defendants filed a petition for approval to divest the Retail Fuel Assets at the Aitkin, Hibbing, Mora, St. Paul-County Road, Hayward, Siren, and Spooner locations to Molo Oil Company ("Molo") and Twin City Petroleum & Property, LLC ("Twin City").  Pursuant to Rule 2.41(f), the petition was placed on the public record for public comments for 30 days, until July 18, 2018.  On August 29, 2018, the Commission granted its approval to these divestitures.  Defendants completed the divestiture of these assets to Molo and Twin City on September 26, 2018.

30.     On July 10, 2018, Defendants filed a petition for approval to divest the Retail Fuel Assets at the St. Paul-Oakdale location to Twin City.  Pursuant to Rule 2.41(f), the petition was placed on the public record for public comments for 30 days, until August 17, 2018.  On August 29, 2018, the Commission granted its approval to this divestiture.  Defendants completed the divestiture of this location to Twin City on September 26, 2018.

**Compliance Reports**

31. Defendants submitted monthly compliance reports to the Commission pursuant to the Order during the period March to May 2018 that did not provide detailed information about the status of the divestiture of the Retail Fuel Assets or Defendants' substantive contacts with any proposed acquirers of the assets. Among other things, the reports did not identify by name any proposed acquirer of the assets.

32. On June 15, 2018, FTC staff requested that Defendants file a supplemental compliance report describing chronologically and in detail their efforts to comply with their divestiture obligations, together with all related documentation, citing Defendants' failure to have provided sufficient information and documentation of their efforts to divest in their compliance reports up to that point.

33. On or about June 20 and 22, 2018, Defendants submitted their supplemental compliance report and related supporting materials. The supplemental compliance report and the documents submitted with it provided additional information and details regarding Defendants' efforts to divest that were not provided with their compliance reports submitted prior to the divestiture deadline, including a list of all persons contacted, a timeline for communications with each prospective acquirer, details of each offer received including a timeline of the offers, and all written communications to or from all prospective acquirers.

**Closure of the Hibbing Location**

34. At the time Defendants entered into the Consent Agreement, the Retail Fuel Assets at the Hibbing location were owned by Defendant CAPL and operated by a third party lessee-dealer pursuant to a lease and franchise agreement ("lease") with Defendant CAPL. That lease was set to expire by its own terms on August 31, 2018.

35. On or about August 24, 2018, the lessee-dealer operator notified Defendants that it was not renewing the lease and would terminate operations at the Hibbing location as of August 31, 2018. As of August 31, 2018, the Hibbing location was closed and its business operations as a retail fuel outlet serving consumers in Hibbing, Minnesota ceased. The Hibbing location remained closed and in non-operational status as of and after the closing on the divestiture on September 26, 2018.

**Compliance Reports Regarding Closure of Hibbing Location**

36. Defendants filed compliance reports related to their obligations under the OMA with the Commission on June 18, July 17, August 17, September 17, and October 17, 2018 ("Compliance Reports).

37. The Compliance Reports that were filed by Defendants prior to the termination of operations at the Hibbing location on August 31, 2018, did not describe in detail Defendants' efforts to maintain the on-going business and operations of the Hibbing location or to preserve the existing relationship with the lessee-dealer operator.

38. The September and October Compliance Reports that were filed by Defendants after August 31, 2018, did not inform the FTC that the Hibbing location had been closed as of August 31, 2018, or that it was not operating at the time of the closing on the divestiture.

39. On or about June 19, 2019, ACT notified staff of the Commission that the operations at the Hibbing location had terminated prior to divestiture.

**VIOLATIONS OF THE ORDER AND THE ORDER TO MAINTAIN ASSETS**

Count 1

40. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

41. Defendants failed to divest the Retail Fuel Assets at the Aitkin location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Aitkin location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 2

42. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

43. Defendants failed to divest the Retail Fuel Assets at the Hibbing location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Hibbing location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 3

44. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

45. Defendants failed to divest the Retail Fuel Assets at the Minnetonka location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Minnetonka location until September 17, 2018. Defendants were continuously

in violation of the Order for each day of the period from June 15, 2018, through September 17, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

<u>Count 4</u>

46. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

47. Defendants failed to divest the Retail Fuel Assets at the Mora location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Mora location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

<u>Count 5</u>

48. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

49. Defendants failed to divest the Retail Fuel Assets at the St. Peter location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the St. Peter location until September 17, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 17, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a

continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 6

50. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

51. Defendants failed to divest the Retail Fuel Assets at the St. Paul-Oakdale location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the St. Paul-Oakdale location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 7

52. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

53. Defendants failed to divest the Retail Fuel Assets at the St. Paul-County Road location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the St. Paul-County Road location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 8

54. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

55. Defendants failed to divest the Retail Fuel Assets at the Hayward location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Hayward location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 9

56. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

57. Defendants failed to divest the Retail Fuel Assets at the Siren location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Siren location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 10

58. Plaintiff realleges the allegations of Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

59. Defendants failed to divest the Retail Fuel Assets at the Spooner location by June 15, 2018, as required by Paragraph II.A. of the Order. Defendants did not divest the Retail Fuel Assets at the Spooner location until September 26, 2018. Defendants were continuously in violation of the Order for each day of the period from June 15, 2018, through September 26, 2018. Each day Defendants failed to divest this location of the Retail Fuel Assets constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 11

60. Plaintiff realleges the allegations of Paragraphs 1 through 23 and 31 through 33 of the Complaint as though fully set forth herein.

61. Defendants failed to provide accurate and detailed information in their compliance reports dated March 19, 2018, April 18, 2018, and May 18, 2018, as required by Paragraph IX.B. of the Order. Defendants were continuously in violation of the Order for each day of the period from March 19, 2018, through at least June 22, 2018. Each day Defendants failed to provide accurate and detailed information in their compliance reports constitutes a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

Count 12

62. Plaintiff realleges the allegations of Paragraphs 1 through 23 and 34 through 35 of the Complaint as though fully set forth herein.

63. Defendants violated the Order and the OMA in connection with the Hibbing location of the Retail Fuel Assets by:

a. Failing to divest the Hibbing location as an on-going business as required by Paragraph II.A. of the Order;

b. Failing to maintain the viability, marketability, and competitiveness of the Hibbing location, as required by Paragraph II.A. of the OMA;

c. Failing to use best efforts to preserve the existing relationship with the lessee-dealer operator at the Hibbing location, or otherwise cause the business at the Hibbing location to be conducted in the regular and ordinary course, as required by Paragraph II.B. of the OMA; and

d. Failing to maintain the then-current business operations at the Hibbing location as required by Paragraph II.D. of the OMA.

64. Defendants were continuously in violation of the Order and the OMA for each day of the period from September 1, 2018, through at least September 26, 2018. Each day Defendants violated the Order and OMA by failing to maintain the Hibbing location constitutes a separate continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

<u>Count 13</u>

65. Plaintiff realleges the allegations of Paragraphs 1 through 23 and 36 through 39 of the Complaint as though fully set forth herein.

66. Defendants violated the OMA by failing to include in their compliance reports a full description of their efforts to comply with their obligations under the OMA as required by Paragraph V. of the OMA. Defendants were continuously in violation of the Order for each day of the period from June 18, 2018, through at least June 19, 2019. The compliance reports filed

by Defendants in violation of the OMA constitute a continuing violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court, pursuant to 15 U.S.C. § 45(*l*), and pursuant to the Court's own equitable powers, to:

a. Enter judgment against Defendants and in favor of the Plaintiff for each violation alleged in this Complaint;

b. Award Plaintiff appropriate civil penalties from Defendants for each violation of the Order alleged in the Complaint;

c. Award Plaintiff its costs and attorneys' fees incurred in connection with this action; and

d. Award Plaintiff such additional relief as the Court may deem just and proper.

Dated: 7/6/20

**FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:**

MARIBETH PETRIZZI Digitally signed by MARIBETH PETRIZZI Date: 2020.06.19 13:06:04 -04'00'

Maribeth Petrizzi (D.C. Bar # 435204)
Assistant Director
Bureau of Competition

IAN CONNER Digitally signed by IAN CONNER Date: 2020.06.19 12:17:47 -04'00'

Ian R. Conner (D.C. Bar # 979696 )
Director
Bureau of Competition

ELIZABETH PIOTROWSKI Digitally signed by ELIZABETH PIOTROWSKI Date: 2020.06.19 12:22:20 -04'00'

Elizabeth A. Piotrowski (D.C. Bar # 348052)
Senior Attorney
Office of the General Counsel

JEFFERY DAHNKE Digitally signed by JEFFERY DAHNKE Date: 2020.06.19 13:12:18 -04'00'

Jeff Dahnke
Jennifer Lee
Kenneth A. Libby
Thomas H. Brock (D.C. Bar # 939207)
Bureau of Competition
Federal Trade Commmission
600 Pennsylvania Avenue, NW
Mail Drop CC-8422
Washington, D.C. 20580
202-326-2564, mpetrizzi@ftc.gov